### 37680. PITMAN *v.* PITMAN.

CARLISLE, Judge. This case was previously before this court on writ of error from the Civil Court of Fulton County. This court reversed the case on two grounds and the defendant in error therein obtained a writ of certiorari from the Supreme Court. The Supreme Court reversed the judgment of this court insofar as it reversed the judgment of the trial court. None of the other rulings of this court therein were considered by the Supreme Court.

In the prior appearance of this case before this court this court declined to pass on the contention of the plaintiff in error that the plaintiff's petition was fatally defective in that all the parties who signed the note sued on as endorsers had not been joined as parties defendant, and that the maker also was not joined. The basis of the treatment of this contention there being that it was rendered moot by the judgment reversing the case. In view of the ruling of the Supreme Court, it becomes necessary to pass on this contention. Under the provisions of Code §§ 14-607 and 14-609, it is not essential that the holder of a note or other negotiable instrument proceed against all the parties who may be liable thereon. He may proceed against any one of the endorsers of the note or all of them without naming the maker.

Since under the ruling of the Supreme Court the liability of the endorsers to the instrument sued on was fixed by the provisions of Code §§ 14-604 and 14-605, it is immaterial that the endorsers were described as accommodation endorsers or as sureties or that the plaintiff changed the designation of the endorsers from accommodation endorsers to sureties, or vice versa, since under the pleadings the endorsers were liable irrespective of how they were designated.

It follows that the trial court did not err in overruling the general demurrers to the petition as finally amended.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 5, 1960—REHEARING DENIED
JANUARY 15, 1960.

*Cullen M. Ward, W. B. Jones,* for plaintiff in error.
*C. Lanier Randall, Jr.,* contra.